D. Maimon Kirschenbaum
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA
Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | |
|---|---|
| **KEVIN JENKINS, on behalf of himself and others similarly situated,** | **CASE NO.** |
| **Plaintiff,** | **COMPLAINT and JURY TRIAL DEMAND** |
| **v.** | |
| **CRAFTED BEEKMAN, LLC d/b/a CRAFTED at the BEEKMAN HOTEL and TOM COLICCHIO,** | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **Defendants.** | |

-------------------------------------------------------x

Plaintiff Kevin Jenkins alleges as follows:

## NATURE OF THE CASE

1.      This is a "wage and hour" class action in which Plaintiff claims Defendants, his employers, illegally retained substantial portions of the gratuities of Plaintiff and similarly situated employees of Defendants.

2.      The Fair Labor Standards Act ("FLSA") § 203(m) states that "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C.S. § 203(m).

3.      New York Labor Law ("NYLL") § 196-d, provides that:

No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee.

4.      The Court of Appeals in *Samiento v. World Yacht Inc.* 10 N.Y.3d 70 (2008) stated: "We conclude that a charge that is not a voluntary payment may be a charge purported to be a gratuity' within the meaning of the statute." *Id.* at 74.

5.      New York law further provides that "A charge purported to be a gratuity must be distributed in full as gratuities to the service employees or food service workers who provided the service." 12 N.Y.C.R.R. § 146-2.18(a).  Moreover, "[t]here shall be a rebuttable presumption that any charge in addition to charges for food, beverage…including but not limited to any charge for "service" or "food service" is a charge purported to be a gratuity."  12 N.Y.C.R.R. § 146-2.18(b).

6.      Additionally, "The employer has the burden of demonstrating, by clear and convincing evidence, that it provided notification sufficient to ensure that a reasonable customer would understand that such charge was <u>not</u> purported to be a gratuity." 12 N.Y.C.R.R. § 146-2.19(b).

## JURISDICTION AND VENUE

7.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

9.      Defendant Crafted Beekman LLC provides banquet catering at the Beekman Hotel, located at 123 Nassau Street, New York, NY 10038 ("Crafted").

10.     Defendant Crafted has an annual gross volume of sales in excess of $500,000.

11.     Defendant Crafted is owned and operated by Defendant Tom Colicchio ("Defendant Colicchio").

12.     Defendant Colicchio has actual ultimate authority with respect to hiring and firing decisions, discipline, and payroll practices at Crafted.

13.     Crafted and Defendant Colicchio are hereafter referred to as the "Defendants."

14.     Plaintiff Kevin Jenkins ("Plaintiff Jenkins") has been employed by Defendants as a server since in or about May 2018.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b) on behalf of all service employees, not including service managers, employed by Defendants on or after the date that is three years before the filing of this Complaint ("FLSA Collective").

16.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to distribute to

them tips left voluntarily by Defendants' customers.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

18.     Plaintiff brings the state law Second and Third Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees, other than service managers, employed by Defendants on or after the date that is six years before the filing of this Complaint (the "Class Period").

19.     All said persons, including Plaintiff, are referred to herein as the "Class."  The Class members are readily ascertainable.   The number and identity of the Class members are determinable from Defendants' records.  The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P. 23.

20.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number

are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

21.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of illegally retaining portions of Plaintiff's and Class members' tips  in the form of "staffing fees" collected by Defendants for extended bar service at events and "administrative fees"; and failing to provide Class members with required wage notices. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are

small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

25.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

a)  Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b) Whether Defendants unlawfully failed to distribute gratuities, in the form of staffing and administrative fees, to Plaintiff and other members of the Class in violation of N.Y. Lab. L. § 196-d;

c) Whether Plaintiff and the other members of the Class are entitled to damages, and if so, the means of measuring such damages; and

d) Whether Defendants are liable for attorneys' fees and costs

## **FACTS**

26.    Plaintiff and similarly situated employees work and have worked for Defendants at Crafted.

27.    Plaintiff and similarly situated employees worked at meetings and events as servers, bartenders, or other waitstaff.

28.    During the relevant period, Defendants received voluntary gratuities from banquet customers above and beyond the billed charges for the customers' events.  These voluntary gratuities were not distributed by Defendants to Plaintiff and similarly situated employees.  Upon information and belief, these gratuities were kept by individuals in management, including Defendant Colicchio's niece, Jennifer Colicchio.

29.    Further, throughout Plaintiff's employment and the relevant period, Defendants charged banquet customers a $500 per half hour "staffing fee" for extended bar services at events.

30.    Given the explicit reference to the charges as covering "staffing" and the lack of any explanation to the contrary, the charges were clearly "purported to be gratuities" under the New York Hospitality Wage Order and N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-2.18-19.  As such, these charges were the property of the service staff that worked at these events.

31.    Defendants also charged all banquet customers a mandatory "23% Administrative Fee" on top of their catering bill.

32.    Defendants provided invoices to banquet customers at each event that did not provide any further explanation of the nature of the charge, and the invoices did not state that the "Administrative Fee" was <u>not</u> a gratuity.

33.    Further, on receipts given to customers together with paid invoices, the charge was explicitly referred to as a "Service Charge(s)."

34.    A reasonable customer would have believed that the mandatory "23% Administrative Fee" / "Service Charge" was a gratuity.  In any event, the law is clear that an establishment charging an "administrative" charge must clarify in every document in which the charge appears, and in 12-point font, that is not a gratuity.  Here, Defendants not only failed to include the clarifying language on invoices and guest checks, but they explicitly at times referred to the charge as a "service" charge.  Thus, under the New York Hospitality Wage Order, the charge is "purported to be a gratuity" and had to be distributed among the service staff in full.

35.    However, Defendants did not distribute any of this charge to service staff, who were paid a flat hourly rate.

36.    Plaintiff and similarly situated employees sustained substantial losses from Defendants' withholding of these gratuities.

37.    Defendants knew that retaining Plaintiff's and Class members' tips would economically injure Plaintiff and the Class members, and violated state and federal laws.

38.    Defendants committed the foregoing acts willfully against Plaintiff, the FLSA Collective Plaintiffs, and the Class.

**FIRST CLAIM FOR RELIEF**
**FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*,**

**Brought by Plaintiff on Behalf of Himself and the FLSA Collective**

39.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

40.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

41.     At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

42.     Throughout the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated voluntary gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

43.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d**
**Brought by Plaintiff on Behalf of Himself and the Class**

44.     Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference all previous paragraphs.

45.     Defendants retained gratuities, in the form of "staffing fees" and "administrative fees" paid by their banquet customers.

46.     Defendants did not provide their customers with the requisite disclaimers that would indicate that these fees are not gratuities.

47.    Plaintiff, on behalf of himself and the Class Members, seeks damages in the amount of the respective withheld gratuities, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

C.    Designation of this action as a class action pursuant to F.R.C.P. 23;

D.    Designation of Plaintiff as the Representative of the Class;

E.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.    Penalties available under applicable laws;

G.    Costs of action incurred herein, including expert fees;

H.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

I.    Pre-judgment and post-judgment interest, as provided by law; and

J.      Such other and further legal and equitable relief as this Court deems necessary, just

and proper.


Dated:  New York, New York          Respectfully submitted,
        May 9, 2019
                                    JOSEPH & KIRSCHENBAUM LLP


                                    By: */s/ D. Maimon Kirschenbaum*
                                    D. Maimon Kirschenbaum
                                    32 Broadway, Suite 601
                                    New York, NY 10004
                                    Tel: (212) 688-5640
                                    Fax: (212) 688-2548

                                    *Attorneys for Named Plaintiff, proposed*
                                    *FLSA Collective Plaintiffs, and proposed*
                                    *Class*

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to

which he has a right to jury trial.